962 F.2d 8
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James Richard SHOUN, Defendant-Appellant.
 No. 91-5867.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 6, 1992
Decided: May 11, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Samuel G. Wilson, District Judge. (CR-90-38)
 ARGUED: Robert Jose Yzaguirre, YZAGUIRRE, CHAPA & ASSOCIATES, McAllen, Texas, for Appellant.
 Kenneth Martin Sorenson, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 On Brief: Julie M. Campbell, Assistant United States Attorney, Abingdon, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant appeals a sentence imposed under the Sentencing Guidelines in which he was given a two level increase under § 3B1.1(c) for being an organizer or a leader.
 
 FACTS
 
 2
 In October 1990, ATF agents acting on a tip from an informant searched the home of James Richard Shoun, the defendant. They found 148 grams of cocaine, 147 grams of marihuana and eight loaded firearms. Shoun, and his wife, Barbara, were subsequently indicted for violations of federal narcotics and firearm laws. Shoun was convicted on his plea of guilty to drug and weapons possession charges. A presentence report, prepared by the United States Probation Office, recommended that Shoun receive a two offense level increase under § 3B1.1(c) of the Sentencing Guidelines as an organizer or planner. The recommendation was based on two separate factors. First, Shoun was responsible for his wife's involvement with drugs and firearms. Second, Shoun admitted that he sold drugs to five other individuals, some of whom resold them.
 
 
 3
 At the sentencing hearing, Shoun objected to the two level increase recommended in the presentence report, claiming that he had tried to shield his wife from drugs rather than get her involved. In addition, Shoun argued that he did not know what the individuals did with the drugs he sold them, and further, that he did not organize or lead them. The government argued that Shoun should receive the two level increase because he made numerous trips to South Carolina and Florida to pick up the narcotics and had purchased them for others, collecting and controlling the money from the subsequent sales.
 
 
 4
 The court adopted the Probation Officer's report and Shoun was given a two offense level increase as a leader or organizer of the drug conspiracy. Shoun was sentenced to two 37-month concurrent sentences followed by a 60-month consecutive sentence. He appeals to this court.
 
 SECTION 3B1.1(c) OF THE SENTENCING GUIDELINES
 
 5
 Section 3B1.1 of the Sentencing Guidelines allows for an increase in the offense level for defendants who play an aggravating role in an offense. Within § 3B1.1, there are three separate levels, with subsection (c) being the least severe. The commentary tos 3B1.1 makes it clear that the court should consider several factors when deciding if an increase is appropriate. For example, the court should consider the nature of the defendant's participation, the recruitment of accomplices, the right to a larger share of the fruits of the crime, the degree of participation and planning or organizing the offense, the nature and scope of the illegal activity and the degree of control exercised over others. Furthermore, the commentary points out that in small criminal enterprises the distinction between organization and leadership and that of management or supervision is less significant than in larger enterprises. Subsection (c) was specifically designed to include the types of leadership roles played in small scale criminal enterprises.
 
 
 6
 The factual determinations made by the district court under the Sentencing Guidelines are entitled to great deference. Indeed, the district court's findings will be overturned only when they are clearly erroneous. United States v. Curtis, 934 F.2d 553, 556 (4th Cir. 1991). The record in this case contains ample evidence upon which the district court could find that Shoun was an organizer or a leader under § 3B1.1(c). This is especially true in light of the commentary to that section which points out that leadership roles in small criminal enterprises are often less defined than in larger organizations. Hence, we believe that the court below was not clearly erroneous in applying a two level increase based upon its finding that the defendant was an organizer or leader under § 3B1.1(c) of the Sentencing Guidelines.
 
 
 7
 Accordingly, the sentence imposed by the district court is
 
 
 8
 AFFIRMED.